IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
CENTRAL DIVISION

MICHAEL TAYLOR                                                                                            PLAINTIFF
# 089651

v.                                           4:23CV00952-BSM-JTK

BRANDON LONG, et al.                                                                                DEFENDANTS

**PROPOSED FINDINGS AND RECOMMENDATIONS**

**INSTRUCTIONS**

The following recommended disposition ("Recommendation") has been sent to United States District Judge Brian S. Miller. Any party may file written objections to all or part of this Recommendation. If you do so, those objections must: (1) specifically explain the factual and/or legal basis for your objections; and (2) be received by the Clerk of this Court within fourteen (14) days of this Recommendation. By not objecting, you may waive the right to appeal questions of fact.

**DISPOSITION**

I.   **Introduction**

Michael Taylor ("Plaintiff") was incarcerated at the Stone County Detention Center at the time he filed this action. (Doc. No. 2). Plaintiff sued Stone County Sheriff Brandon Long, Detention Center Administrator Kyle Dodson, Nurse/Dispatcher Tailer Bryant, and Deputy Allen Estus (collectively, "Defendants") in their personal and official capacities. (Id. at 1-2).

Defendants filed a Motion for Summary Judgment on the issue of exhaustion, Brief in Support, and Statement of Facts. (Doc. Nos. 28-30). On February 14, 2024, the Court directed Plaintiff to respond to Defendants' Motion within thirty (30) days, or by Friday, March 15, 2024. (Doc. No. 31). The Court advised Plaintiff that failure to comply with the Order would result in all of the facts set forth in Defendants' summary judgment papers being deemed admitted, or the

dismissal of the action without prejudice for failure to prosecute.  (Id.)  To date, Plaintiff has not filed a response.  On February 14, 2024, Plaintiff submitted a document that was filed as "Evidence."  (Doc. No. 32).

After careful consideration of the record before me, and for the reasons set out below, the Court recommends that Defendants' Motion be granted and Plaintiff's claims be dismissed without prejudice for failure to exhaust administrative remedies.

## II. Plaintiff's Claims

Plaintiff brought conditions of confinement claims against Defendants Long, Dodson, and Estus.  (Doc. No. 2 at 4-6).  Specifically, Plaintiff claimed he was forced to work in hazardous conditions without being provided safety glasses, resulting in a serious injury to Plaintiff's eye.  (Id.).  Plaintiff also alleged that Defendants Long, Dodson, Lowery, and Estus were deliberately indifferent to his serious medical needs.  (Id.).  Plaintiff seeks damages, among other relief.  (Id. at 7).

## III. Summary Judgment Standard

Pursuant to FED. R. CIV. P. 56(a), summary judgment is appropriate if the record shows that there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. See Dulany v. Carnahan, 132 F.3d 1234, 1237 (8th Cir. 1997).  "The moving party bears the initial burden of identifying 'those portions of the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, which it believes demonstrate the absence of a genuine issue of material fact.'"  Webb v. Lawrence County, 144 F.3d 1131, 1134 (8th Cir. 1998) (quoting Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986) (other citations omitted)).  "Once the moving party has met this burden, the non-moving party cannot simply rest on mere denials or allegations in the pleadings; rather, the non-movant 'must set forth

specific facts showing that there is a genuine issue for trial.'" Id. at 1135.  Although the facts are viewed in a light most favorable to the non-moving party, "in order to defeat a motion for summary judgment, the non-movant cannot simply create a factual dispute; rather, there must be a genuine dispute over those facts that could actually affect the outcome of the lawsuit." Id.

In addition, "[a]ll material facts set forth in the statement (of undisputed material facts) filed by the moving party...shall be deemed admitted unless controverted by the statement filed by the non-moving party . . . ."  Local Rule 56.1, Rules of the United States District Court for the Eastern and Western Districts of Arkansas.  Failure to properly support or address the moving party's assertion of fact can result in the fact considered as undisputed for purposes of the motion. FED. R. CIV. P. 56(e).

### IV.   Analysis

Defendants argue that Plaintiff failed to exhaust his claims against them.   (Doc. Nos. 28-30).

According to the Prison Litigation Reform Act ("PLRA"),

> [n]o action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted.

42 U.S.C. § 1997e(a), unconst'l on other grounds, Siggers-El v. Barlow, 433 F.Supp.2d 811, 813 (E.D. Mich. 2006). The courts have interpreted this provision as a mandatory requirement that administrative remedies be exhausted prior to the filing of a lawsuit.  In Booth v. Churner, the United States Supreme Court held that in enacting the PLRA, "Congress has mandated exhaustion clearly enough, regardless of the relief offered through administrative procedures." 532 U.S. 731, 741 (2001).   In addition, the United States Court of Appeals for the Eighth Circuit held in Chelette v. Harris, "[t]he statute's requirements are clear: If administrative remedies are available, the

3

prisoner must exhaust them. Chelette failed to do so, and so his complaint must be dismissed, for 'we are not free to engraft upon the statute an exception that Congress did not place there.'" 229 F.3d 684, 688 (8th Cir. 2000) (quoting <u>Castano v. Nebraska Dep[]t of Corrections</u>, 201 F.3d 1023, 1025 (8th Cir. 2000)). In <u>Johnson v. Jones</u>, the Court held that "[u]nder the plain language of section 1997e(a), an inmate must exhaust administrative remedies *before* filing suit in federal court . . . . If exhaustion was not completed at the time of filing, dismissal is mandatory." 340 F.3d 624, 627 (8th Cir. 2003) (emphasis in original). Finally, in <u>Jones v. Bock</u>, the United States Supreme Court held that while the PLRA itself does not require that all defendants be specifically named in an administrative grievance, "it is the prison's requirements, and not the PLRA, that define the boundaries of proper exhaustion." 549 U.S. 199, 218 (2007).

As an initial matter, the Court notes that Plaintiff has not filed a response to Defendants' Motion. Plaintiff has not controverted any material fact set forth by Defendants in their statement of undisputed material facts. Accordingly, all material facts submitted by Defendants (Doc. No. 30) are deemed admitted. LOCAL RULE 56.1(c); FED. R. CIV. P. 56(e).

At the time of the incidents giving rise to this lawsuit, the Stone County Detention Center had in place a grievance procedure. (Doc. No. 30 at ¶ 1; Doc. No. 28-1 at p. ¶ 2; Doc. No. 28-1 at 4-5). Under the policy, inmates have the opportunity to file a written grievance in which the inmates "clearly describe all facts and all request[s]. (Doc. No. 28-1 at 4). Grievances are reviewed for urgency; emergency grievances receive a response within 48 hours. (<u>Id</u>.). Grievances that do not present an emergent situation will be responded to, in writing, within ten (10) working days. (<u>Id</u>.). The grievant may appeal the written response or **lack of response**. (<u>Id</u>. at 5, emphasis added). All grievances and responses are maintained in the grievant's jail file. (<u>Id</u>.).

4

In support of their Motion, Defendants presented the Affidavit of Defendant Brandon Long, who is employed by the Detention Center. (Doc. No. 28-1 at 1-2). According to Defendant Long, Plaintiff filed a grievance related to his claims in this case, but never appealed the grievance. (Id. at ¶ 3).[1] Defendant Long attached Plaintiff's electronic grievance to his Affidavit. (Id. at 6).

The Court has reviewed the grievance. Despite Plaintiff complaining about the lack of safety glasses, his eye injury, and his need for medical care in the grievance, Plaintiff did not appeal the grievance. (Id.).

In Plaintiff's notice of Evidence, he included a hand-written page titled Grievance dated September 30, 2023 in which Plaintiff complained about hazardous work conditions, his eye injury, his need for medical care, and that no one responds to grievances on the kiosk. (Doc. No. 32 at 6). The grievance policy, however, required an appeal even when there was a lack of response. (Doc. No. 28-1 at 5) ("the grievant may appeal any response or lack of response."). As such, Plaintiff's claims would be exhausted only if he appealed the grievance. There is no evidence in the record that Plaintiff did so.

Again, Plaintiff has not contested any material fact set forth by Defendants; Plaintiff did not respond to Defendants' Motion. Plaintiff did not meet proof with proof to establish facts in dispute that would preclude summary judgment in Defendants' favor. Wilson v. Miller, 821 F.3d 963, 970 (8th Cir. 2016) (allegations must be substantiated with sufficient probative evidence); Bolderson v. City of Wentzville, Missouri, 840 F.3d 982, 986-87 (8th Cir. 2016) (noting plaintiff's duty to meet proof with proof in affirming summary judgment in defendant's favor).

---

[1] There are two paragraphs number 3 in Defendant Long's declaration. This cite is to the second paragraph number 3.

As such, the Court finds Plaintiff did not exhaust his administrative remedies in connection with his claims against Defendants. Accordingly, the Court recommends Defendants' Motion for Summary Judgment be granted and Plaintiff's claims against Defendants be dismissed without prejudice.

**V.  Conclusion**

IT IS, THEREFORE, RECOMMENDED that:

1. Defendants' Amended Motion for Summary Judgment on the issue of exhaustion (Doc. No. 28) be GRANTED;

2. Defendants' Motion for Summary Judgment on the issue of exhaustion (Doc. No. 23) be DENIED as moot.

3. Plaintiff's claims (Doc. No. 2) be DISMISSED without prejudice for failure to exhaust administrative remedies; and

4. The Court certify that an in forma pauperis appeal from this Order and accompanying Judgment would not be taken in good faith. 28 U.S.C. § 1915(a)(3).

Dated this 19th day of March, 2024.

_____
JEROME T. KEARNEY
UNITED STATES MAGISTRATE JUDGE